IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| KEVIN JAMES KOHUTE,<br><br>　　Plaintiff,<br><br>v.<br><br>NATIONAL RIFLE ASSOCIATION,<br><br>　　Defendant. | §<br>§<br>§<br>§<br>§<br>§ 　Case No. 6:24-cv-475-JDK-JDL<br>§<br>§<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Kevin Kohute, proceeding pro se, filed this lawsuit against Defendant National Rifle Association on December 18, 2024. Docket No. 1. The case was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for disposition of the action. Docket No. 3.

**I.**

On December 23, 2024, Judge Love issued a Report recommending that Plaintiff's complaint be dismissed without prejudice for lack of subject matter jurisdiction and that sanctions be assessed whereby no new lawsuits will be accepted from Plaintiff Kevin Kohute unless such lawsuit is filed by a licensed attorney enrolled to practice in the U.S. District Court for the Eastern District of Texas and the full filing fee is paid at the outset of the case. Docket No. 4. The Report was sent to Plaintiff and mail was returned undeliverable. Docket No. 5. Plaintiff has not

1

updated his address with the Court in violation of the Court's Local Rule CV-11(d). Plaintiff did not file objections to the Report and the time to do so has passed.

This Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of service of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Here, Plaintiff did not file any objections. The Court therefore reviews the Magistrate Judge's findings for clear error or abuse of discretion and reviews the legal conclusions to determine whether they are contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (holding that, if no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

Having reviewed the Magistrate Judge's Report and the record in this case, the Court finds no clear error or abuse of discretion and no conclusions contrary to law. Accordingly, the Court hereby **ADOPTS** the Report and Recommendation of the United States Magistrate Judge (Docket No. 4) as the findings of this Court. It is therefore **ORDERED** that this case is **DISMISSED** without prejudice.

## II.

The Court further **ADOPTS** the Magistrate Judge's recommendation of sanctions (Docket No. 4) and finds that sanctions should be imposed. As noted by the

Magistrate Judge, at the time this action was filed, Plaintiff had filed thirty-three cases in this district, at least 12 of which had been dismissed with prejudice for failure to state a claim, while others were dismissed because Plaintiff failed to either pay the filing fee or request to proceed *in forma pauperis*.[1]  None of Plaintiff's cases has alleged a meritorious claim, and many have been products of his own delusion.  Plaintiff was warned about his filings and the possibility of sanctions no fewer than ten times. Specifically, after the Court's first warnings in *Kohute v. Texas State Bar Association* (6:24-cv-00465-JDK-JDL) and *Kohute v. The Salvation Army* (6:24-cv-00462-JCB-JDL), Plaintiff filed 8 new cases in the span of a week, none of which stated a meritorious claim.[2]

---

[1] *See Kohute v. Carrollton Springs*, Case No. 4:24-cv-00774; *Kohute v. Braquet*, Case No. 1:24-cv-22-MAC-ZJH; *Kohute v. United States Secret Service Office*, Case No. 6:24-cv-152-JCB-KNM; *Kohute v. Federal Bureau of Investigation et al*, Case No. 1:24-cv-110-MJT-CLS; *Kohute v. Dow Corp. Headquarters,* Case No. 1:24-cv-111-MJT-ZJH; *Kohute v. OSHA*, Case No. 1:24-cv-114-MAC-CLS; *Kohute v. US DEA*, Case No. 1:24-cv-115-MJT-ZJH; *Kohute v. Texaco Gas Station*, Case. No. 1:24-cv-112-MAC-CLS; *Kohute v. Exxon Gas Station*, Case No. 1:24-cv-113-MJT-ZJH; *Kohute v. Adams*, Case No. 1:24-cv-172-MJT-ZJH; *Kohute v. Social Security Office*, Case No. 6:24-cv-391 JDK-JDL; *Kohute v. Dallas Cowboys*, Case No. 4:24-cv-938-ALM-AGD; *Kohute v. Dallas Police Department*; Case No. 6:24-cv-390-JDK-KNM; *Kohute v. Marvel Studios*, Case No. 6:24-cv-391-JDK-JDL; *Kohute v. Walmart Supercenter*, Case No. 6:24-448-JDK-KNM; *Kohute v. Washington D.C. Police Department*, Case No. 6:24-cv-461-JDK-KNM; *Kohute v. The Salvation Army*, Case No. 6:24-462-JCB-JDL; *Kohute v. US Department of the Interior*, Case No. 6:24-cv-463-JDK-KNM; *Kohute v. Texas State Bar Association*, Case No. 6:24-cv-465-JDKJDL; *Kohute v. McDonald's*, Case No. 6:24-cv-467-JDK-KNM; *Kohute v. Tyler Police Department*, Case No. 6:23-cv-315-JDK-KNM; *Kohute v. The United States of America Federal Eastern District Court Clerk*, Case No. 6:23-cv-384-JCB-KNM; *Kohute v. Tyler Junior College Principal*, Case No. 6:23-cv-385-JCB-KNM; *Kohute v. Sherrif Larry Smith*, Case No. 6:23-cv-386-JCB-KNM; *Kohute v. Rogers et al.*, Case No. 6:18-cv-00231-TH-KNM; *Kohute et al v. Ganeriwala et al.,* Case No. 6:18-cv-235-RWS-KNM; *Kohute v. Avelar*, Case No. 6:18-cv-270-TH-KNM; *Kohute v. Polos Grocery*, Case No. 6:18-cv-271-TH-KNM; *Kohute v. Mouton et al*, Case No. 6:18-cv-282-JDK-JDL; *Kohute v. Slayton*, Case No. 6:18-cv-287-RWS-KNM; *Kohute v. The State of Texas et al.*, Case No. 6:18-cv-292-RWS-KNM; *Kohute v. Municipal Services Bureau*, Case No. 6:18-cv-304-RWS-JDL; and *Nichols et al. v. Welch*, Case No. 6:18-cv-512-JDL-JDL.

[2] *See Kohute v. McDonald's*, Case No. 6:24-cv-00467-JDK-KNM (filed December 12, 2024); *Kohute v. Lowes Home Improvement Inc.*, 6:24-cv-00471-JCB-JDL (filed December 16, 2024); *Kohute v. National Rifle Association*, Case No. 6:24-cv-00475-JDK-JDL (filed December 16, 2024); *Kohute v. Tyler City Municipal Courts*, Case No. 6:24-cv-00477-JCB-KNM (filed December 18, 2024); *Kohute v. Joint base Camp Bullis*, Case No. 6:24-cv-00479-JCB-KNM (filed December 18, 2024); *Kohute v. Smith County 911 District*, Case No. 6:24-cv-00481-JCB-JDL (filed December 18, 2024); *Kohute v.*

To date, Plaintiff has continued with his frivolous filings. *See Kohute v. State Bar Association et al*, 6:24-cv-508-JCB-JDL; *Kohute v. Murphy USA Store Cashier*, 6:24-cv-480-JDK-KNM; *Kohute v. Tyler Police Department*, 6:24-cv-488-JDK-JDL; *Kohute v. Tyler Police Department et al*, 6:24-cv-490-JDK-KNM; *Kohute v. Drug Abuse Resistance Education*, 6:24-cv-495-JDK-JDL; *Kohute v. City of Dallas S.W.A.T. Headquarters*, 6:24-cv-494-JCB-KNM. Still undeterred, Plaintiff, proceeding pro se, began filing a series of lawsuits on behalf of another individual. *See Benefield v. Athens Police Department*, 6:24-cv-00464-JDK-KNM; *Benefield v. Texas Department of Family And Protective Services et al*, 6:24-cv-00492-JDK-JDL; *Benefield v. Smith* 6:24-cv-00493-JDK-KNM; *Benefield v. Tyler Police Department*, 6:25-cv-00014-JCB-KNM. The Court explained to Plaintiff that he may not engage in the unauthorized practice of law by bringing claims on behalf of another individual. *See Benefield v. Texas Department of Family and Protective Services et al*, 6:24-cv-00492-JDK-JDL (Doc. No. 4) (citing *Weber v. Garza,* 570 F.2d 511, 514 (5th Cir. 1978)). The Court further explained that to the extent that these filings are an attempt to continue Plaintiff's abusive filing practice by circumventing the Court's recommended sanction of barring new cases filed by Plaintiff unless he is represented by an attorney and the filing fee is paid, such actions will not be tolerated and will result in additional sanctions, including monetary sanctions. *Id.* at 4. Equal reasoning applies to Plaintiff's filing of cases in other district courts. *See, e.g., Kohute v. City of Tyler Police Department et al*, 6:25-cv-00005-JCB-JDL.

---

*Port of Galveston*, Case No. 6:24-cv-00485-JCB-KNM (filed December 19, 2024); *Kohute v. Greyhound Corporate Office*, Case No. 6:24-cv-00476-JCB-KNM (filed December 18, 2024).

Plaintiff's repeated filing of frivolous actions is an abuse of the judicial process. As the Court explained, the Fifth Circuit has held that "no one, rich or poor, is entitled to abuse the judicial process." *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975). Pro se litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBanks Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). The Fifth Circuit has further indicated that under some circumstances, an individual may be barred from filing lawsuits within the district court without prior court approval. *See matter of United Markets Int'l, Inc.*, 24 F.3d. 650 (5th Cir. 1994); *Vinson v. Heckmann*, 940 F.2d. 114 (5th Cir. 1986).

In sum, Plaintiff has been explicitly warned multiple times that his continued filing of frivolous cases in this court will result in sanctions. Undeterred, Plaintiff has continued filing frivolous cases in this district, as well as in other districts, and through the unauthorized practice of law by filing on behalf of another individual while proceeding pro se. Accordingly, the Court finds that the imposition of sanctions is appropriate.

It is **ORDERED** that Plaintiff Kevin Kohute is **SANCTIONED** whereby no new lawsuits will be accepted from Plaintiff Kevin Kohute unless such lawsuit is filed by a licensed attorney enrolled to practice in the U.S. District Court for the Eastern District of Texas and the full filing fee is paid at the outset of the case. *See, e.g, Williams v. United States Ct.*, 2023 WL 5944285, at *2 (E.D. Tex. Sept. 12, 2023) (requiring future lawsuits to be filed by a licensed attorney enrolled to practice in the

U.S. District Court for the Eastern District of Texas and the full filing fee to be paid at the outset of the case); *Flores v. U.S. Dep't of Just.*, 2021 WL 8055537, at *2 (E.D. Tex. Feb. 4, 2021), *report and recommendation adopted,* 2022 WL 1105671 (E.D. Tex. Apr. 13, 2022); *Hicks v. Skeen*, 2023 WL 6982276 (E.D. Tex. Oct. 23, 2023) (referring to an order the Court previously entered requiring further filings to come from a licensed attorney).  The Court further finds that such sanction shall be equally applicable to any case filed by Plaintiff Kevin Kohute is engaging in the unauthorized practice of law by filing claims, pro se, on behalf of other individuals.

So **ORDERED** and **SIGNED** this **29th** day of **January, 2025.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE